NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

MARK ARTHUR BOWDISH, *Appellant*.

No. 1 CA-CR 21-0192
FILED 2-1-2022

Appeal from the Superior Court in Yavapai County
No. P1300CR201801241
The Honorable Debra R. Phelan, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Kenneth S. Countryman, PC, Tempe
By Kenneth S. Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Peter B. Swann delivered the decision of the Court, in which Judge David D. Weinzweig and Judge Paul J. McMurdie joined.

---

**S W A N N**, Judge:

¶1             This is an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), from Mark Bowdish's convictions and sentences for possession of dangerous drugs for sale and possession of drug paraphernalia. Neither Bowdish nor his counsel identify any issues for appeal. We have reviewed the record for fundamental error. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We find none.

¶2             Bowdish was indicted for possession of dangerous drugs for sale (methamphetamine) and possession of drug paraphernalia. He pled not guilty, and the matter proceeded to a jury trial.

¶3             At trial, the state presented evidence of the following facts. On August 14, 2018, while investigating potential drug activity at the Roadway Inn hotel, a detective with the Prescott Police Department observed an individual visit Bowdish's hotel room. The visit lasted less than five minutes. After conducting a traffic stop on the visitor for an insurance violation, the police found approximately one gram of methamphetamine in his car. Shortly thereafter, the police observed Bowdish leaving his hotel room and conducted a traffic stop for driving with a revoked license. After searching Bowdish's vehicle, the police found a glass pipe containing a burnt crystalline substance. The police then obtained a search warrant for Bowdish's hotel room and discovered approximately 4.5 ounces of a white crystalline substance, a pipe, bindles, two scales, and a ledger. Testing showed that the crystalline substance was methamphetamine. A search of Bowdish's cell phone revealed text messages from people looking to purchase things from Bowdish with names similar to those contained in the ledger.

¶4             During his interrogation, Bowdish admitted he possessed methamphetamine. He informed the detectives that he had purchased about five ounces of methamphetamine around August 11th or 12th. He

also admitted that he sold to four or five people that week and would sell a gram for about $40.

¶5　　　　The court denied Bowdish's motion for a judgment of acquittal under Ariz. R. Crim. P. ("Rule") 20. Bowdish then took the stand and testified that he possessed methamphetamine and owned the bindles, pipe, and one of the scales. The jury found Bowdish guilty as charged, and the court sentenced him to 7.5 years' imprisonment, with credit for 51 days of presentence incarceration.

¶6　　　　We detect no fundamental error. Bowdish was present and represented at all critical stages. The jury was properly comprised under A.R.S. § 21-102 and was properly instructed.

¶7　　　　A person commits possession of dangerous drugs for sale when he knowingly possesses methamphetamine for sale. A.R.S. §§ 13–3407(A)(2), –3401(6)(c)(xxxviii). He commits possession of drug paraphernalia when he possesses, with the intent to use, drug paraphernalia to pack, repack, store, contain, conceal, or otherwise introduce methamphetamine into the human body. A.R.S. § 13–3415(A). Drug paraphernalia includes scales, containers used to package small quantities of drugs, and pipes. A.R.S. § 13-3415(F)(2). Here, the state's evidence established that Bowdish knowingly purchased five ounces of methamphetamine around August 11th. When the police searched Bowdish's hotel room on August 14th, approximately 4.5 ounces of methamphetamine remained. Bowdish admitted to selling to four or five people that week and that he sold a gram of methamphetamine for about $40. The police also found bindles, a pipe, and two scales in Bowdish's hotel room. Bowdish testified that he owned the bindles, pipe, and one of the scales. The evidence was sufficient to support Bowdish's convictions.

¶8　　　　The court imposed a lawful prison term for the possession of dangerous drugs for sale under A.R.S. § 13-3407(A)(2), (E) and for possession of drug paraphernalia under A.R.S. §§ 13-3415(A), -702(D), with sentences to run concurrently.

¶9　　　　We affirm. Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Bowdish of the status of this appeal and his future options. *Id.* Bowdish has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Rule 31.21(b)(2)(A). Upon the court's own

motion, Bowdish has 30 days from the date of this decision in which to file a motion for reconsideration.  *See* Rule 31.20(c).



AMY M. WOOD • Clerk of the Court
FILED:    AA